UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,                No. 07-CV-12552-DT

vs.                                            Hon. Gerald E. Rosen

PETER W. FISHER, DAVID B. STOCKER,
PHILLIP W. OFFILL, JR., and COLLECTIVE
THOUGHT HOLDINGS, INC.,

                Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANT
PETER W. FISHER'S FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on   March 27, 2008  

PRESENT:   Honorable Gerald E. Rosen
                      United States District Judge

## I.  INTRODUCTION

Defendant Peter W. Fisher is one of several named defendants in this securities fraud action brought by the Securities Exchange Commission (the "SEC").  The complaint alleges violation of the Securities Exchange Act section 10(b), 15 U.S.C. § 78j(b), and rule 10b-5, 17 C.F.R. § 240.10b-5; and sections 5(a) and (c) of the Securities Exchange Act, 15 U.S.C. § 77e(a) and (c), respectively.  The SEC requests relief in the form of a permanent injunction, civil penalties, and disgorgement of any benefits the Defendants obtained from these violations of the Securities Act.

Defendant Peter W. Fisher has moved for dismissal of the SEC's complaint

1

pursuant to Fed R. Civ. P. 12(b)(6) on all counts, and for failure to plead with specificity pursuant to Fed R. Civ. P. 9(b). Having reviewed and considered Defendant Fisher's motion and supporting brief and the response of the SEC, the Court has determined that oral argument is not necessary. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), this matter will be decided on the briefs. This Opinon and Order sets forth the Court's ruling.

## II. STATEMENT OF FACTS

Peter Fisher is a Canadian citizen who lives in Ontario, Canada. Mr. Fisher served as a "consultant" to AVL Global, Inc., a Nevada corporation with its principal place of business in Port Huron, Michigan. AVL Global purported to provide satellite tracking data for automobiles. According to the Complaint, in April 2004, Mr. Fisher began a complex scheme designed to defraud investors in AVL Global. This alleged scheme included transferring AVL's stock to sham third-party investors through a "limited offering," so as to avoid filing a registration statement with the SEC. The ultimate goal of this scheme was to sell the shares to the public without complying with the registration and disclosure requirements of the securities laws.

In the first phase of the fraudulent scheme, Peter Fisher, along with his son, Tyler Fisher,[1] caused AVL Global to issue 15 million shares of common stock in three separate transactions. The transactions were designed to look like arms-length sales to investors on paper. However, these transactions were to companies controlled by Fisher's lawyer, David Stocker, who shortly thereafter transferred nearly all of the shares back to accounts

---

[1] A Consent Judgment was entered against Tyler Fisher in November 2007.

controlled by Fisher, his family or business associates.

At this point, Fisher controlled approximately 90% of the AVL Global shares issued in these transactions. The Complaint alleges that, beginning in October 2004, Peter and Tyler Fisher engaged in a promotional campaign to tout the business prospects of AVL Global, issuing a series of false and misleading press releases from December 2004 to February 2005.

At the same time as this promotional campaign was under way, Peter Fisher sold thousands of AVL Global shares to the public, which was unaware of AVL Global's true financial condition. Peter Fisher benefited from this scheme both through his sale of at least $160,000.00 worth of AVL Global stock from June 2004 to February 2005, and indirectly through the millions of shares of AVL Global stock that was distributed to Mr. Fisher's family and business associates.

### III. DISCUSSION

A. STANDARDS APPLICABLE UNDER FED. R. CIV. P. 12(b)(6) and 9(b).

The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "Dismissal of a complaint for the failure to state a claim upon which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.1997). Furthermore, If an allegation is capable of several inferences, the allegation must be construed in a light most favorable for the plaintiff. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

3

A party alleging a claim based on fraud must state with particularity the circumstances constituting fraud. Fed R. Civ. P. 9(b). To meet this standard a complaint must, at a minimum, identify the time, place, and contents of the alleged misrepresentations. *Bender v. Southland Corporation*, 749 F.2d 1205, 1216 (6th Cir. 1984). In ruling on a motion to dismiss under Rule 9(b) for failure to plead fraud with particularity, the court must factor in the policy of simplicity in pleading codified in Rule 8. *Michaels Building Co. v. Ameritrust Co.,* 848 F.2d 674, 679 (6th Cir. 1988). The purpose underlying the particularity requirement of Rule 9(b) is to provide the defendant fair notice of the substance of the plaintiff's claim, so that the defendant may prepare a responsive pleading. *Id.*

    B.    THE SEC HAS PLEAD SUFFICIENT FACTS TO STATE A CLAIM AGAINST DEFENDANT PETER FISHER FOR VIOLATIONS OF § 10(b) OF THE EXCHANGE ACT AND RULE 10b-5.

To state a claim against Peter Fisher under Section 10(b) and Rule 10b-5, where a violation is based on a corporate actor's statements, the Commission must allege that the Defendant's statements were materially false and misleading, and that the defendant acted with scienter. *SEC v. Rana Research, Inc.*, 8 F.3d 1358, 1362 (9th Cir. 1993). Unlike a private litigant, the Commission is not required to prove that any investor actually relied on the misrepresentations or that the misrepresentations caused any investor to lose money. *SEC v. Blavin*, 760 F.2d 706, 711 (6th Cir. 1985).

A statement is material if, in the view of a reasonable investor, it would have significantly altered the total mix of information available to the company. *Basic v. Levinson*, 485 U.S. 224, 231-232 (1998). Scienter is a "mental state embracing intent to

4

deceive, manipulate, or defraud." *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 193 n. 2 (1976). In addition to intentional conduct, recklessness is a sufficiently culpable state of mind to support a finding of liability under Section 10(b) and Rule 10b-5. *SEC v. Blavin*, 760 F.2d 706, 711 (6th Cir. 1985). While the circumstances constituting fraud must be plead with particularity, scienter may be alleged generally. Fed. R. Civ. P. 9(b).[2]

Defendant argues that the SEC's complaint fails to allege scienter because Mr. Fisher relied on legal opinions and "could not possibly have had the proper state of mind to demonstrate scienter." Def. Br. at 8. However, in making this argument, Defendant is relying on assertions outside of the scope of the original complaint. The complaint alleges that Peter Fisher "controlled nearly all aspects of the company" ("Compl.") ¶ 18, and that Peter Fisher endeavored to engage in a lucrative but illegal scheme. *Id.* ¶ 20. While the complaint makes reference to the attorneys involved in this scheme, at no point does it assert that Peter Fisher relied on their legal opinions in good faith after full disclosure. Rather, taking the complaint at face value, it presents the attorneys as complicit in a scheme cooked up by Peter Fisher.

Closely related to the scienter argument is Defendant's contention that the SEC failed to plead fraud with particularity as required in Rule 9(b). Defendant points to 13 specific facts that he argues are not plead with particularity. Def. Br. at 9-10. Most of these 13 facts are alleged to be insufficient due to failure to specifically identify individuals or companies involved in the fraudulent scheme.

While it is true that several individuals and corporations are not identified by

---

[2] The pleadings in this SEC enforcement action need not follow the "strong inference" of scienter pleading requirement set forth by the Private Securities Litigation Reform Act ("PSLRA") of 1995. By its terms the PSLRA only applies to private litigation.

name, this is not fatal to the SEC's complaint. The time, place, and contents of the alleged misrepresentations are sufficiently identified, and the people involved are reasonably identified for pleading purposes, if not by name. Defendant, therefore, has sufficient information in the complaint to inform him of the time, location, and circumstances of his alleged antifraud violations, so as to provide fair notice of the Plaintiff's claims and allow the Defendant to respond to those charges.

Defendant also argues for dismissal of the antifraud violations arising from the second part of the alleged scheme, where Peter and Tyler Fisher issued false press releases touting AVL Global's stock. Specifically, Defendant argues for dismissal of the claims relating to his first statement, a press release relating to AVL Global's operations in Botswana, and his second statement, a press release stating that AVL Global had never authorized a fax type promotion of its stock.

The first alleged misstatement was a press release drafted by Peter Fisher that promoted AVL Global's contract with the government of Botswana, and was made three months after AVL Global's Africa distributor had determined that Botswana lacked satellite coverage to allow the project to go forward. The complaint alleges that Peter Fisher controlled nearly all aspects of AVL Global, Compl. ¶ 18, and was the company's primary contact with its African distributor. *Id.* ¶ 61.

In support of dismissal of the charges relating to this press release, Defendant argues that the complaint fails to allege that Peter Fisher was actually aware that AVL Global's Africa distributor had determined that the Botswana operation was not feasible at the time he made the misleading press release. Defendant argues that merely being a "primary contact" does not give rise to an inference that Fisher knew about the African

6

distributor's determination. However, the Court must view the facts as alleged in the context of the complaint with all reasonable inferences in the SEC's favor. Peter Fisher was in control of "all aspects of the company," and was the primary contact with the African distributor who knew about the Botswana operation a full three months before Fisher drafted the misleading press release. These facts taken together sufficiently raise an inference that Peter Fisher knew or recklessly disregarded the fact that his December 2 press release was materially false and misleading.

The second challenge is to the allegation that, in late December 2004, shortly after media coverage of "pump-and-dump" fax-blasting stock promotion scams that implicated AVL Global, Peter Fisher drafted a press release announcing that the company had never authorized any fax type promotion of its stock. *Id.* ¶ 62. The complaint further alleges that "this statement was false because Peter and Tyler Fisher had hired [a] Florida stock promoter to conduct a fax campaign earlier in December 2004." *Id.* Defendant's main argument is that even if this statement is false as the complaint alleges, it is not material.

The Defendant faces an uphill battle arguing materiality at this stage in the proceedings, as the Sixth Circuit has held that "at the motion to dismiss stage in the proceedings, a complaint may not properly be dismissed on the ground that the alleged misstatements or omissions are not material unless they are so obviously unimportant to a reasonable investor that reasonable minds could not differ on the question of their unimportance." *City of Monroe Employees Retirement System v. Bridgestone Corp.*, 399 F.3d 651, 681 (6th Cir. 2005). It is clear from the statement, as set forth in Defendant's Brief at page 14, that the purpose of it was to assure investors that AVL Global was not

7

involved in "pump-and-dump" scams associated with fax blasting campaigns. This information may have been material to an investor who was concerned about fraud and the "pump-and-dump" scams that were associated with fax-blasting campaigns. At the very least, the Court cannot say at this point of the proceedings that this misstatement is so obviously unimportant to a reasonable investor that reasonable minds could not differ on the question of its unimportance.

Defendant acknowledges that the third and fourth press releases "amount to essentially factual disputes," Def. Br. at 15, and then generally argues a lack of scienter as a factual matter. Therefore, Defendant's motion as to the third and fourth statements will also be DENIED.

> C.  THE SEC HAS PLED SUFFICIENT FACTS TO STATE A CLAIM AGAINST DEFENDANT PETER FISHER FOR VIOLATIONS OF § 5(a) AND § 5(c) OF THE SECURITIES ACT.

Defendant contends that the nexus between the public issuance of the AVL Global shares and Mr. Fisher's alleged participation in the underlying business transaction is too remote to impose liability under Section 5 of the Securities Act. Fisher Brief at 8. Defendant contends that this nexus is lacking because the co-defendant security lawyers handled the transaction in its entirety, and that he reasonably relied on their expertise and legal opinion letters.

The complaint sufficiently alleges a nexus regarding Mr. Fisher's participation in the underlying business transaction. It alleges that Mr. Fisher "controlled nearly all aspects of the company," Compl. ¶ 18; and "instructed or advised Tyler Fisher with respect to almost every action that Tyler Fisher performed … including issuing stock and hiring stock promoters." *Id.* While Defendant's motion attempts to distance Mr. Fisher's

from his participation in the operation of AVL Global, the complaint paints Mr. Fisher as a central figure, if not driving force behind the company.

Defendant further contends that he relied on the legal opinions and advice of counsel that AVL Global could issue these shares without registration. This argument fails for the same reason it fails under 10(b) and 10b-5; it relies on assertions of fact outside of what is alleged in the complaint. The complaint does not allege that the Defendant relied in good faith on advice of counsel after full disclosure. Rather, the complaint presents Mr. Fisher as the leader of an illegal securities fraud scheme.

Defendant also alleges that the SEC has failed to sufficiently plead scienter in connection with his Section 5 violations, claiming that any "reasonable man" had every right to conclude that the law had been followed. Def. Br. at 13. This "reasonable man" standard, however, is not supported by any authority in Defendant's brief.

This argument further must fail because the Securities Act of 1933 imposes strict liability on offerors and sellers of unregistered securities. *Swenson v. Engelstad,* 626 F.2d 421, 424 (5th Cir. 1980). A number of courts have recognized that there is no scienter requirement to state a violation of Section 5 of the Securities Act in this type of action. *Aaron v. SEC,* 446 U.S. 680, 714 n.5 (1980); *SEC v. Calvo*, 378 F.3d 1211, 1215 (11th Cir. 2004); *SEC v. Current Financial Services, Inc*., 100 F. Supp. 2d 1, 6 (D.D.C. 2000) ("Scienter is not required under Section 5 of the Securities Act"). The complaint not only alleges that Peter Fisher was the person in control of AVL Global's securities offerings, but that he also understood that the purpose of the offerings were part of an overall scheme to circumvent registration and disclosure under the Securities Act. *See*

Compl. ¶¶ 18, 20.

Defendant also contends that the Commission did not plead his Section 5 violations with particularity as required by Fed. R. Civ. P. 9(b). Def. Br. at 9-10. However, Section 5 of the Securities Act of 1933 does not require proof of fraud; it simply prohibits the sale of unregistered securities. *See* 15 U.S.C. § 77e(a) and (c). The complaint sufficiently alleges the nature of the registration violations of which Peter Fisher is accused. While the Commission's complaint does mention some individuals and events in general terms, the Section 5 violations are adequately set forth in the complaint so as to inform Mr. Fisher of his registration violation and respond to the charges. Defendant's motion cites omissions in the complaint that will be matters of evidentiary detail and proof rather than of sufficiency of pleading. *See* Def. Br. at 9-10.

For these reasons, the Defendant's motion with regard to the Commission's allegations under Section 5 of the Securities Act should be DENIED.

D. THE SEC HAS PLED SUFFICIENT FACTS TO SUPPORT A
   CLAIM FOR INJUNCTIVE RELIEF

To obtain an injunction, the Commission must show that there is a "reasonable and substantial likelihood that [the defendant], if not enjoined, would violate the securities laws in the future." *SEC v. Youmans*, 729 F.2d 413, 415 (6th Cir. 1984). The court may consider a number of factors when making this decision, including the egregiousness of the violations, frequency of violations, degree of scienter, and the defendant's recognition of the wrongfulness of his conduct. *Id.*

Defendant's motion to dismiss the Commission's request for an injunction is premised on their assertion that Peter Fisher acted without scienter. However, as

discussed above, the Commission has sufficiently alleged scienter under Section 10(b) and 10b-5. Furthermore, the complaint alleges that Peter Fisher intentionally and repeatedly violated the securities laws through an intricate scheme designed to defraud investors and financially benefit himself, as well as his friends and family. *See* Compl. ¶¶ 1-5. Accepting the allegations of the complaint as true for purposes of this motion, the Court finds that the SEC's complaint provides a sufficient basis for the Court to issue an injunction against Peter Fisher under Sixth Circuit jurisprudence.

## IV. CONCLUSION

For all of the foregoing reasons, Defendant Peter Fisher's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b) [Dkt. # 5] is DENIED in its entirety.

    s/Gerald E. Rosen
    Gerald E. Rosen
    United States District Judge

Dated: March 27, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 27, 2008, by electronic and/or ordinary mail.

    s/LaShawn R. Saulsberry
    Case Manager