# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

Civil No. 07-cv-12552
Hon. Gerald E. Rosen

PETER W. FISHER, DAVID B. STOCKER,
PHILLIP W. OFFILL, JR., and COLLECTIVE
THOUGHT HOLDINGS, INC.,

    Defendants.

_____/

## OPINION AND ORDER DENYING
## DEFENDANT PHILLIP OFFILL'S MOTION TO DISMISS

At session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     August 1, 2008

PRESENT:   Honorable Gerald E. Rosen
                United States District Judge

## I. INTRODUCTION

Defendant Phillip W. Offill, Jr., is one of five defendants named in this civil enforcement action brought by the Securities and Exchange Commission (the "SEC") alleging various violations of the antifraud and registration provisions of the federal securities laws. Offill has moved the Court to dismiss the Complaint against him pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may granted. The SEC has responded to Defendant Offill's Motion and Defendant Offill has

replied. Having reviewed and considered the parties' briefs and the entire record of this matter, the Court has determined that oral argument is not necessary. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), this matter will be decided on the briefs. This Opinion and Order sets forth the Court's ruling.

## I. PERTINENT FACTS

The SEC's Complaint in this action arises out of transactions involving the stock of AVL Global, Inc., a company which purportedly provided satellite tracking data for automobiles.

## THE PARTIES

Defendant N. Tyler Fisher was the president of AVL Global and served as the only member of the company's board of directors. Defendant Peter Fisher is Tyler Fisher's father and served as a "consultant" to AVL Global during the relevant time period. Defendant David B. Stocker is an attorney in Phoenix, Arizona. Defendant Phillip W. Offill, Jr., is an attorney in Dallas, Texas. Defendant Offill incorporated Defendant Collective Thought Holdings, Inc. in Texas on July 20, 2004. He is the company's sole officer/director.

## THE SEC's ALLEGATIONS

According to the Complaint, AVL Global was never a very successful company. It attracted few customers and had little or no revenue. At its peak, the company had only three employees, including Tyler Fisher.

The SEC alleges that beginning in April 2004, the Defendants engaged in an

illegal scheme for AVL Global to issue millions of shares in the company without complying with the registration and disclosure requirements of the federal securities laws. To effect the scheme, Peter and Tyler Fisher retained Defendant David Stocker to represent AVL Global. With Stocker's assistance, AVL Global illegally offered and sold shares of stock in three transactions in April, July, and October 2004. In the July and October 2004 transactions, Stocker recruited the participation of Defendant Offill.

The SEC alleges that to assist the scheme to evade the registration requirements of federal securities laws, Defendant Offill incorporated Defendant Collective Thought Holdings, Inc. Defendant Offill thereafter executed two subscription agreements to purchase shares of AVL Global, one in July 2004, the other in October 2004. Defendant Offill signed these subscription agreements on behalf of Collective Thought Holdings in his representative capacity only, as "its attorney." Defendant Offill also signed promissory notes in conjunction with the subscription agreements on behalf of Collective Thought Holdings in his representative capacity.[1] Defendant Offill subsequently gave David Stocker "stock powers" to transfer the AVL Global shares without Defendant Offill's further involvement.

The SEC alleges that Stocker thereafter used the stock powers to transfer the shares purchased by Collective Thought Holdings to individuals identified by Peter

---

[1] In the signature space on these notes the company name, "Collective Thought Holdings, Inc." was typed and immediately below the typed company name was a blank "by" line on which Defendant Offill singed his name.

Fisher. (Peter Fisher included himself in this approved transferee list.) Peter Fisher later sold shares that he received at about the same time that he and Tyler Fisher were allegedly conducting a misleading campaign to promote the purchase of AVL Global stock.

The Commission alleges that all of the defendants, including Defendant Offill, violated the registration provisions of the Securities Act of 1933. 15 U.S.C. § 77e(a) and 15 U.S.C. § 77e(c). In addition, the Commission alleges that Peter Fisher and Tyler Fisher violated the antifraud provisions of the Securities Exchange Act of 1934. 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5.

ADDITIONAL PERTINENT FACTS

The SEC took sworn testimony from Defendant Offill during the investigation that preceded the filing of this lawsuit. In addition to acknowledging that he incorporated Collective Thought Holdings, that he was paid for his participation, that he was the company's sole officer and director, and that he executed two subscription agreements and promissory notes to purchase shares of AVL Global on behalf of Collective Thought, Defendant Offill also testified that Collective Thought Holdings had no funds to pay for the stock it subscribed to:

> Q: . . . [H]ow did Collective Thought Holdings intend to pay for the shares it subscribed to?
>
> A: I would have put cash into the company and paid for the shares.
>
> Q: To cover the note?

> A: Sure.
>
> Q: And the money would have come from you personally through Collective Thought Holdings?
>
> A: Yes, that's correct.
>
> Q: At the time that you signed the note, Mr. Offill, did Collective Thought Holdings actually have any funds in its account to pay for the shares it was subscribing to?
>
> A: No, I don't think it did, but I had the capability of covering Collective Thought Holdings' obligations.

[Plaintiff's Ex. F, p.94]

Defendant Offill now moves to dismiss the SEC's Complaint against him pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, claiming that the Commission has not alleged facts that support its claim that he violated the Securities Act.

## III. DISCUSSION

**A. Standards Applicable to Motions to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted.**

The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993). "Dismissal of a complaint for the failure to state a claim upon which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Brown v. Bargery, 207 F.3d 863, 867 (6th Cir.1997).

Furthermore, If an allegation is capable of several inferences, the allegation must be construed in a light most favorable to the plaintiff. Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

**B. The SEC Has Pled Sufficient Facts to State a Claim Against Defendant Phillip W. Offill Jr. for Violations of § 5(a) and 5(c) of the Securities Act.**

Defendant Offill contends that the SEC's complaint fails to allege that he engaged in any conduct that would constitute a violation of either § 5(a) or § 5(c) of the Securities Act.

Defendant denies that he engaged in any offer to sell and/or was involved in any sale of AVL Global securities, and therefore, the SEC's claim that he violated the Securities Act is without foundation. Defendant asserts that the Complaint does not allege that either he or Collective Thought Holdings was involved in any "sale" of shares of AVL Global, nor does it allege that either was involved in any "offer to sell" shares of AVL Global, as those words and phrases are defined by the Securities Act, i.e., nothing of "value" actually changed hands.[2] Defendant further alleges that AVL Global never accepted Collective Thought Holdings' promissory notes, and therefore, Defendant Offill was never under any obligation to pay. Lastly, Defendant argues that since the SEC does not seek disgorgement from him for any wrongful gains from the sale of shares of AVL Global, the Commission is implicitly admitting that Defendant Offill has not violated the

---

[2] The Securities Act requires that a "sale" or an "offer for sale" must be "for value." 15 U.S.C. § 77b(3).

Securities Act. In conclusion, Defendant Offill requests that the Court dismiss the claims against him.

In its Response, Plaintiff first requests that Defendant's motion be denied because it is untimely. The Court denied a prior motion by Defendant[3] on March 28, 2008, and therefore, Plaintiff argues, since Defendant did not file an answer or any other responsive motions within ten days of the motion being denied, he should be held in default and the Court should enter judgment accordingly. However, on July 2, 2008, Plaintiff agreed to an order setting forth a briefing schedule for Defendant's present Motion to Dismiss, and, on that same day, the Court entered an order vacating the Clerk's order of default against Defendant. Since the ten day limit of Rule 12(a)(4)(A) on the filing of a responsive pleading if a Rule 12 motion is denied may be extended at the Court's discretion, Fed. R. Civ. P. 6(b)(1)(A), and since the Court is satisfied that neither party has suffered prejudice by the delay, the Court will not dismiss Defendant's Motion for untimeliness. The Court will now proceed to address Plaintiff's substantive objections to Defendant's Motion.

Plaintiff alleges that Defendant violated §§ 5(a) and 5(c) of the Securities Act, which prohibit any person from directly or indirectly using instrumentalities of interstate commerce or the mails to offer or sell a security unless a registration statement is in effect as to said security. 15 U.S.C. §§ 77e(a) and 77e(c). A *prima facie* violation is established

---

[3] Defendant's Motion to Dismiss for Lack of Jurisdiction, filed on August 9, 2007.

7

when (1) no registration was in effect as to a given security; (2) the defendant offered or sold the security; and (3) the offer or sale was accomplished through interstate commerce. SEC v. Cont'l Tobacco Co. of S.C., 463 F.2d 137, 155 (5th Cir. 1972); SEC v. Great Lales Equities Co., Case No. 89-cv-70601-DT, 1990 WL 260587, at *16 (E.D. Mich. Sept. 4, 1990) (citing Cont'l Tobacco).

Even if the Court were to accept Defendant Offill's argument that he did not actually sell or offer to sell anything of value as contemplated by the Securities Act, that finding would not negate his potential liability. The federal courts have determined that a "participant" who did not actually sell or offer for sale anything of value may be found in violation of § 5: "Despite the use of the [statutory] term 'sell,' liability under § 5 is not confined only to the person who passes title to the security. Instead, courts have established the concept of 'participant' liability to bring within the confines of § 5 persons other than sellers who are responsible for the distribution of unregistered securities." SEC v. Murphy, 626 F.2d 633, 649-50 & 652 (9th Cir. 1980). In SEC v. Phan, 500 F.3d 895, 906 (9th Cir. 2007), the court rejected the defendant's claim that he did not participate in the sale of stock or benefit from any such sale. Instead, the defendant directed his company's attorneys to draft a contract for the sale of stock. Id. Courts have also found liable an attorney who plays a "crucial role" in obtaining a legal opinion letter, thus allowing illegitimate securities to be dispersed to the public. Geiger v. SEC, 363 F.3d 481, 487 (D.C. Cir. 2004). More broadly, courts have held liable persons who play a "significant role" and are a "substantial factor" in an unregistered transfer of stock. Phan,

500 F.3d at 906.

The SEC's Complaint pleads sufficient facts to make out the claim that Defendant's receipt and transfer of shares of AVL Global through Collective Thought Holdings was a necessary step -- a "substantial factor" -- in the ultimate scheme to sell AVL Global stock to the public under a cloak of legitimacy. According to the Complaint, Defendant Offill incorporated Collective Thought Holdings at the direction of David B. Stocker, a representative of AVL Global, for the purpose of subscribing to purchase shares of AVL Global as part of the overall scheme to sell the shares to the public without proper registration. Defendant admitted in his deposition that he was paid $2500 per issuer in connection to the scheme. (See Declaration of Robert L. Tashjian, Ex. F at 43). At Offill's direction, Collective Thought Holdings twice subscribed to purchase shares of AVL Global purportedly for "investment purposes." Neither transaction was registered with the SEC.

Stocker then used Collective Thought Holdings' false representations about its investment motives for his legal opinion letters exempting the sales from registration. Acting through his power of attorney, which had been given to him by Defendant Offill, Stocker transferred ownership of the shares back to Peter Fisher and his associates within days of Collective Thought Holdings' acquisition of the shares. These shares were then sold to the public, which, due the defendants' scheme, was not informed as to AVL Global's true financial condition. From the facts pled in the Complaint, the Court finds that without Defendant Offill's participation, the other defendants would not have been

able to sell to the public shares of AVL Global without proper registration. The Court further finds that the Complaint alleges that Defendant Offill played an integral part in the transformation of the stock from restricted to freely transferable shares. See Murphy, 626 F.2d at 649-50 & 652; SEC v. Calvo, 378 F.3d 1211, 1215 (11th Cir. 2004); SEC v. Holschuh, 649 F.2d 130, 139-40 (7th Cir. 1982).

Even assuming that the concept of "participant liability" did not exist, Defendant Offill would still not succeed in his attempt to avoid the SEC's charges by arguing that he did not give anything of value for the shares of AVL Global. Indeed, the SEC's complaint alleges that, on two separate occasions, Defendant Offill did give something of value to AVL Global: "On July 27, 2004, Collective Thought entered into the subscription agreement with AVL Global to purchase five million shares for $50,000 . . . [and] . . . on or about July 27, 2004, Offill executed a promissory note to AVL Global for $50,000 on behalf of Collective Thought" and further on "on or about October 5, 2004, Offill executed a promissory note to AVL Global for $50,000 on behalf of Collective Thought." (See Plaintiff's Complaint at 12 & 15) (emphasis added). As the SEC properly points out, under Texas law, a promissory note is a "written unconditional promise to pay another a certain sum of money at a certain time." Edlund v. Bounds, 842 S.W.2d 719, 724 (Tex. App. 1992); see also SEC v. Randy, 38 F. Supp. 2d 657, 666 (N.D.Ill. 1999) (the court held that a promissory note "represents a promise to repay a principle amount . . . on demand"). The Court finds that a promissory note may be a thing of "value" as contemplated by the Securities Act. The mere fact that AVL Global never chose to

collect on these notes is immaterial; the notes themselves were the thing of value.[4]

Defendant Offill's assertion that AVL Global never "accepted the promissory note triggering an obligation to pay" is unfounded. Acceptance may be manifested in a variety of ways: explicitly, by silence, by actions, etc. See Rest. 2d. Contr. §§ 69(1), 69(1)(a), 30(2), & 32. According to the Second Restatement of Contracts, "acceptance" is simply the "manifestation of assent to the terms thereof made by the offeree . . . ." Rest. 2d. Contr. § 50. The SEC's Complaint alleges that AVL Global accepted Collective Thought Holdings' offers to purchase its shares by countersigning the subscription agreements, consenting to issue shares, and issuing share certificates in the name of Collective Thought Holdings (See Plaintiff's Complaint at 13-16).

Indeed, without Collective Thought Holdings' participation (through Defendant Offill), the other defendants would not have been able to carry off the scheme; it was only with the mask of legitimacy created through Collective Thought Holdings' acceptance and transfer of the stock that the plan could proceed. To entertain the idea that AVL Global never "accepted" Collective Thought's promissory notes would be an exercise in the absurd, and the Court would be hard pressed to imagine what else AVL Global could have done to manifest its acceptance of Collective Thought Holdings' offer to purchase shares of AVL Global. According to the SEC, Collective Thought Holdings' *raison*

---

[4]With regard to AVL Global's non-collection of $100,000 owing to it, the Court agrees with the SEC's conclusion that "[the fact t]hat Offill and Collective Thought Holdings never paid on the notes underscores the bogus nature of the transactions . . ." (See Defendant's Opposition at 10).

*d'etre* was "for the sole purpose of subscribing to purchase shares of AVL Global," (See Plaintiff's Response at 8). From the allegations made in the Complaint, there is no basis upon which the Court could find that AVL Global accepted neither an offer to purchase nor promissory notes from a company it had caused to be established exclusively for that purpose. Therefore, The Court finds that the Complaint sufficiently pleads that AVL Global accepted Collective Thought Holdings' offer to purchase and promissory notes.

Finally, the fact that the SEC is not seeking disgorgement from Defendant Offill does not necessarily lead to Defendant Offill's inference that the SEC believes that he is guilty of no wrongdoing. The SEC simply asserts that Defendant Offill did not profit directly from the sales of the shares of AVL Global to the public, unlike Defendant Peter Fisher and Defendant Tyler Fisher who did directly profit from the sale of shares of AVL Global to the public and from whom the SEC is requesting disgorgement. The SEC does ask for the Court to order that Defendant Offill be enjoined from engaging in conduct that violates §§ 5(a) and 5(c) of the Securities Act, that Defendant Offill pay a civil penalty, and that Defendant Offill be prohibited from participating in any offering of penny stock. To employ Defendant Offill's own reasoning, since the SEC is requesting that the Court impose these penalties, the SEC must believe that Defendant Offill violated the Securities Act.

## IV. CONCLUSION

For all of the foregoing reasons, Defendant Phillip W. Offill, Jr.'s Motion to

Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [Dkt. # 52] is DENIED in its entirety.

                                  s/Gerald E. Rosen
                                  Gerald E. Rosen
                                  United States District Judge

Dated: August 1, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 1, 2008, by electronic and/or ordinary mail.

                                  s/LaShawn R. Saulsberry
                                  Case Manager