UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION

SECURITIES AND EXCHANGE COMMISSION,
                                                Case No. 07-cv-12552
              Plaintiff,                        Hon. Gerald E. Rosen

v.

PETER W. FISHER, N. TYLER
FISHER, DAVID B. STOCKER,
PHILLIP W. OFFILL, JR., and
COLLECTIVE THOUGHT
HOLDINGS, INC.,

              Defendants.
_____/

                          OPINION AND ORDER
         GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
        GRANTING PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT

                       At a session of said Court, held in
                       the U.S. Courthouse, Detroit, Michigan
                       on _____August 19, 2011_____

                       PRESENT: Honorable Gerald E. Rosen
                                United States District Judge

                            I. INTRODUCTION

    Plaintiff SEC filed this action on June 14, 2007 against Defendants for violations

of the Securities and Exchange Acts. Specifically, Defendants are accused of engaging in

a scheme to issue millions of shares of AVL Global, Inc., a penny stock company, in

violation of 15 U.S.C. §§ 77e(a),(c). Plaintiff claims the shares were issued illegally,

without any public disclosure of the company's unsuccessful business operations or

                                     1

failing financial position. Many of these shares were allegedly later sold to the public when AVL Global allegedly issued false and misleading press releases regarding the company's prospects. Plaintiff SEC sought judgment enjoining all Defendants from future securities laws violations, requiring them to pay a civil penalty, and prohibiting them from participating from future penny stock offerings.

On December 2, 2010, Plaintiff filed two motions, which are presently before the Court. The first motion is a motion for summary judgment [Dkt. # 91] against Defendant Phillip Offill, Jr., and the second motion is a renewed motion for default judgment [Dkt. #92] against Defendant Collective Thought Holdings, Inc. (CTH). Although Plaintiff has appropriately filed certificates of service for both motions, neither Defendant Offil nor Defendant CTH has filed a response.

Having reviewed Plaintiff's motions and accompanying exhibits, as well as the record as a whole, the Court finds that the relevant allegations, facts, and legal arguments are adequately presented in the written record, and that oral argument would not aid the decisional process. Accordingly, the Court will decide Plaintiff's motions "on the briefs." *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Defendants in this matter included Peter Fisher, his son Tyler Fisher, attorney David Stocker, attorney Phillip Offill, and Offill's investment company Collective Thought Holdings, Inc (CTH). The Fishers were the controlling share holders of AVL

Global. Stocker allegedly drafted the legal documents related to the sale and transfer of shares, and Offill allegedly purchased and resold shares through his investment company, CTH. Offill is the registered agent for CTH.

On January 28, 2010, a federal jury in a criminal case found Defendant Offill guilty of conspiracy to commit violations of the federal security laws. Because Offill's criminal fraud case has the same factual bases as the present civil allegations of misconduct, Plaintiff claims Offill cannot contest the present civil action due to the doctrine of collateral estoppel.

Final judgments were entered against Defendants N. Tyler [Dkt. #19], David B. Stocker [Dkt. #80], and Peter W. Fisher [Dkt. #128]. On May 5, 2008, a clerk's entry of default was entered against Defendant CTH. Plaintiff filed its renewed motion for default judgment against Defendant CTH on December 3, 2010, and the hearing on the motion was set for January 5, 2011. The Court cancelled the hearing based on learning that Defendant Offill was incarcerated, and therefore, nobody would be appearing on behalf of CTH. According to Plaintiff, Offill is the only individual associated with CTH.

### III. ANALYSIS

A. **Standards Governing Plaintiff's Motion**

Plaintiff seeks summary judgment in its favor against Defendant Offill and default judgment against Defendant CTH. Under the pertinent federal rule, summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits

show that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). As the Supreme Court has explained, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986).

In deciding a motion brought under Rule 56, the Court must view the evidence in a light most favorable to the nonmoving party. *Pack v. Damon Corp.*, 434 F.3d 810, 813 (6th Cir. 2006). Yet, a party "ascertaining that a fact cannot be or is genuinely disputed must support the evidence by citing to admissible evidence in the record." Fed. R. Civ. P. 56(c)(2). Moreover, any supporting or opposing affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Finally, "[i]f a party fails to . . . properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed [and] grant summary judgment" to the moving party. Fed. R. Civ. P. 56(e).

Under the pertinent federal rule, an entry of default judgment by the Court is proper upon application to the Court once a clerk's entry of default has been entered against a party. Fed. R. Civ. P. 55.

## B. Plaintiff is entitled to summary judgment against Defendant Offill

Along with its motion for summary judgment, Plaintiff has submitted a sworn affidavit from its lead counsel stating that Defendant Offill was convicted of conspiring to commit securities registration violations. Tashjian Decl. ¶ 19. Plaintiff has additionally submitted a copy of the jury verdict, which confirms that Defendant Offill was convicted on ten counts of fraud in criminal case number 1:09CR00134-001 in the United States District Court for the Eastern District of Virginia on January 28, 2010. (Pl.'s Mot. for Summ. J. Exh. T.) Because Defendant Offill failed to respond to Plaintiff's factual assertions regarding his criminal conviction, Plaintiff's assertion that the factual bases of the criminal conviction are the same for the present civil matter is accepted as undisputed fact. Fed. R. Civ. P. 56(e).

Under the doctrine of collateral estoppel, an issue of fact or law necessary to a judgment is conclusive against a party in subsequent litigation. *Montana v. United States*, 440 U.S. 147, 153 (1979). As Plaintiff has correctly argued in its motion, prior criminal convictions may work as estoppel in favor of the government in subsequent civil proceedings. *Emich Motors Corp. V. General Motors Corp.*, 340 U.S. 558, 568-69 (1951).

Having established that the factual bases for Defendant Offill criminal conviction are the same as the bases for the present civil claims against Offill, the Court finds that no issue of fact remains regarding Offill's securities laws violations, and summary judgment is appropriately entered in favor of Plaintiff against Defendant Offill. Fed. R. Civ. P.

56(c)(2).

**C.      Plaintiff is entitled to default judgment against Defendant CTH**

Defendant CTH has failed to respond to Plaintiff's motion for default judgment and has not requested that the Court's May 5, 2008 clerk's entry of default be set aside. Therefore, Plaintiff's allegations regarding CTH are accepted as true and an entry of default judgment against CTH is proper. *Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 848 (E.D. Mich. 2006) (citing *Thomson v. Wooster*, 114 U.S. 104 (1885); *Antoine v. Atlas Turner, Inc.* 66 F.3d 105, 110-11 (6th Cir. 1995); Fed. R. Civ. P. 55**.**

## IV.  CONCLUSION

For all of the foregoing reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment [Dkt. #91] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's renewed motion for default judgment [Dkt. #92] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's request for civil penalties to be assessed against Defendants Offill and CTH is DENIED.

Judgments to follow.

S/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  August 19, 2011

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 19, 2011, by electronic and/or ordinary mail.

                               <u>S/Johnetta Curry-Williams for Ruth A. Gunther</u>
                               Case Manager